# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE L. BROWN, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-1244 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| SKYLINE FURNITURE MANUFACTIRUING, INC., SEA PRODUCTS, INC., and TED WECKER | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Terrence L. Brown, brings this action against defendants Skyline Furniture Manufacturing, Inc., SEA Products, Inc., and Ted Wecker, asserting claims of fraudulent misrepresentation, breach of fiduciary duty, Family and Medical Leave Act violations, and Illinois Wage Payment and Collection Act violations. The defendants move this Court to dismiss Brown's fraudulent misrepresentation and breach of fiduciary duty claims or, alternatively, to dismiss SEA Products from the fraudulent misrepresentation claim. For the reasons set forth herein, that motion is granted in part and denied in part.

**Background**

The following allegations taken from the plaintiff's amended complaint are accepted as true for the purpose of ruling on this motion. Skyline is a closely-held Illinois corporation that designs and manufactures furniture. SEA Products, Inc. is an Illinois corporation that shares several common owners or shareholders with Skyline and that shares Skyline's offices, showrooms, staff, and financial resources. Ted Wecker is the CEO of Skyline and SEA Products. Brown was continuously employed by SEA Products or Skyline between 1993 and December 29, 2014, at which time he was working for SEA Products as a sales executive. SEA Products fired Brown on

1

December, 29, 2014, for reasons that are contested but that are not at issue in the present motion. At the time of his termination, Brown held 46,000 shares in Skyline, which constituted approximately 12% of Skyline's outstanding shares.

Immediately after terminating Brown on December 29, 2014, Wecker informed Brown that Skyline would be willing to purchase his stock for $15 per share. When pressed, Wecker stated that the stock was worth $15 per share, but refused to conduct a third-party valuation of the company when Brown requested one. Brown returned to Skyline the next day, and again questioned Wecker about the value of the shares. Wecker again asserted that they were worth $15. In an effort to persuade Brown, Wecker agreed to notify Brown of any sales of Skyline stock over the next 18 months that exceeded $15 per share and to pay Brown "the additional amount based on the selling stock price" above $15 per share, "less $75,000."

In reliance on these statements, Brown sold his stock back to Skyline for $15 per share. No Skyline stock was sold in the next 18 months, and Brown therefore received the agreed to price of $15 per share. Brown subsequently filed the present action based, in part, on his assertion that the Skyline stock was worth more than $15 per share.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must contain factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). When a complaint sounds in fraud, Federal Rule of Civil Procedure 9(b) requires that the complaint "state with particularity the circumstances constituting fraud or mistake." A plaintiff must allege the identity of the person making the misrepresentation and the means, time, place, and content of the misrepresentation. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

**Discussion**

The defendants first contend that Brown has failed to state a claim for fraudulent misrepresentation. In order to state a claim for fraudulent misrepresentation, a plaintiff must allege (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making the statement; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damages resulting from that reliance. *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166, 396 Ill. App. 3d 842 (2009).

The defendants contend that Brown has not alleged a legally actionable false statement of material fact. Generally, an expression of opinion does not constitute a statement of fact and therefore cannot support an action for fraud. Statements as to the value of property are often treated as expressions of opinion and, if so intended and understood, cannot give rise to a fraud claim. *Duhl v. Nash Realty Inc.,* 429 N.E.2d 1267, 1272, 102 Ill.App.3d 483 (1981). An exception exists, however, when the representation as to value "is not a mere expression of opinion but is made as a statement of fact for the listener to rely upon. . . ." *Id.*

Here, the defendants contend that Wecker's statement that the stock was worth $15 constituted his opinion and not a statement of fact. In support of this assertion, the defendants

3

argue, not incorrectly, that the value of closely-held corporations is hard to appraise and that Wecker's statement was unsupported by anything suggesting that it constituted an accurate valuation. A reasonable factfinder, however, could conclude from the context that Wecker's statements as to the value of the stock (as opposed to what Skyline would offer for it) constituted statements of fact. Accordingly, Brown has adequately alleged a legally actionable false statement of material fact.

The defendants also contend that Brown has failed to plausibly allege justifiable reliance. A plaintiff justifiably relies on a defendant's misrepresentation where the circumstances are such as to make it reasonable for the plaintiff to accept the defendant's statements without an independent inquiry or investigation. *Equity Builders and Contractors, Inc. v. Russell*, 406 F. Supp. 2d 882, 889 (N.D. Ill. 2005). The defendants' argument on this point, however, does not actually assert that it was unreasonable for Brown to accept Wecker's statement of value. Instead, it asserts that Brown had the ability to independently assess the share price value himself or to request the information necessary to do so. The ability to independently estimate Skyline's share price, however, has no direct bearing on whether or not it was reasonable for Brown to rely on Wecker's statement of that share price. Here, Brown has alleged facts sufficient to establish justifiable reliance, and this Court therefore holds that he has plausibly alleged that element of his fraudulent misrepresentation claim.

The defendants alternatively contend that, if the fraudulent misrepresentation claim is not dismissed in its entirety, SEA Products should be dismissed from it because Brown does not allege any facts stating a plausible fraud claim against SEA Products. Brown, in response, asserts that SEA Products was an alter ego of Skyline.

Under Illinois law, a court may pierce the corporate veil when (1) there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) adhering to the fiction of a separate corporate existence would sanction a fraud,

4

promote injustice, or promote inequitable consequences. *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.,* 356 F.3d 731, 736 (7th Cir. 2004). In assessing whether a unity of interest exists, the Court considers a number of nondispositive factors including inadequate capitalization, failure to issue stock, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation, nonfunctioning of the other officers or directors, absence of corporate records, commingling of funds, diversion of assets, failure to maintain arm's-length relationships among related entities, and whether the corporation serves as a façade for the operation of the dominant stockholders. *Fontana v. TLD Builders, Inc.,* 840 N.E.2d 767, 778, 362 Ill.App.3d 491 (2005).

Here, Brown has alleged that Skyline and SEA Products had common leadership and stockholders, that they shared space, and that they comingled employees, assets, and resources. These conclusory allegations, absent more, are insufficient to establish the circumstances necessary to warrant piercing the corporate veil. *See Marvellous Day Elec. (S.Z.) Co., Ltd. v. Ace Hardware Corp.*, 900 F. Supp. 2d 835, 846–47 (N.D. Ill. 2012) (Tharp, J.) ("[a] plaintiff who seeks to pierce the corporate veil and hold an individual defendant liable for actions of the corporation must plead facts sufficient to pierce the veil."), *vacated in part on other grounds by* Nos. 11C 8756, 11 C 8768, 2013 WL 2356008 (N.D. Ill. May 28, 2013); *Saletech, LLC v. East Balt, Inc.*, 20 N.E.3d 796, 806, 2014 Il App (1st) 132639 ¶ 29 (holding that allegations that the defendants "commingled funds 'as a means of defrauding creditors'" were conclusory absent supporting factual allegations and accordingly affirming the dismissal of that claim). This Court accordingly dismisses SEA Products from the fraudulent misrepresentation claim contained in count one.

Finally, the defendants contend that Brown has failed to state a claim for breach of fiduciary duty. In order to state a claim for breach of fiduciary duty, a plaintiff must allege the existence of a fiduciary duty, that the duty was breached, and that the resulting damages were caused by that breach. *Autotech Tech. L.P. v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006). Here, Brown

5

alleges the breach of the duties of utmost loyalty, good faith, honesty, and the duty to disclose all material facts relevant to a shareholder's interest.

The defendants' argument that Brown has failed to state a claim is based on *Scarabello v. Reichle*, a case from this district which clearly sets forth the limitations on the fiduciary duties of closely held corporations engaged in the repurchasing of stock. *See Scarabello v. Reichle*, 856 F. Supp. 404, 407–409 (N.D. Ill. 1994) (Nordberg, J.) (recognizing that closely held corporations do not have a fiduciary obligation to disclose their share value, so long as they disclose "special facts" that would be known only to insiders). That case is inapposite, however, because Brown's allegations here are not premised on the duty to disclose share prices, but rather on the duties of good faith and fair dealing once the decision to disclose share prices has been made. As previously set forth, Brown has plausibly alleged that Wecker falsely represented that the value of the Skyline shares was $15 when in fact it was not. Accordingly, Brown's allegations are sufficient to state a claim for breach of fiduciary duty.

**Conclusion**

For the foregoing reasons, the defendants' motion to dismiss [21] is granted in part and denied in part. SEA Products is dismissed without prejudice from count one. The motion is denied in all other respects.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: June 12, 2017